Maurice PENN, Appellant,

v.

William R. GRANT, Trustee in Bankruptcy of L. R. Mahan, also known as Lemuel Ross Mahan, Appellee.

No. 15176.

United States Court of Appeals
Ninth Circuit.

May 8, 1957.

Rehearing Denied June 17, 1957.

Joseph W. Fairfield, Ethelyn F. Black, Max H. Gewirtz, Los Angeles, Cal., for appellant.

Frank M. Chichester, Los Angeles, Cal., for appellee.

Before STEPHENS and BARNES, Circuit Judges, and CLARK, District Judge.

PER CURIAM.

This is a bankruptcy appeal. The sole question to be determined by this Court is whether the bankrupt was insolvent on or about September 16, 1953, the date a levy of attachment was issued out of the Municipal Court of the City of Los Angeles, State of California, as against certain real property belonging to the bankrupt. 11 U.S.C.A. § 107, sub. a(1).

Appellant denied that bankrupt was insolvent on the date of the attachment contending that the bankrupt had a chose in action valued at $81,719.61, as against the Seaboard Finance Company, based on an action filed September 15, 1953, against such finance company for usury.

The Referee found that the alleged claim for usury in the sum of $81,719.61 was inchoate and uncertain in character and amount and had no appreciable value and concluded that the bankrupt was insolvent at the time the attachment in issue was levied.

Appellant argues that appellee failed to sustain the burden of proof of insolvency of the bankrupt on the date of the attachment. We disagree. Without the chose of action for usury the bankrupt was clearly insolvent on September 16, 1953. The suit as against the finance company sought treble damages and was still pending on December 28, 1955, when the hearing was held before the Referee. Mrs. Mahan, wife of the bankrupt, testified that she and her husband believed they had a good cause of action for usury against the finance company. The Referee stated that serious questions existed as to whether the finance company is subject to the Usury Act or is a personal loan company excluded therefrom, and also whether the amount claimed is the correct amount.

We have examined the briefs of the parties and the auhorities cited therein, and hold that the finding of insolvency on the date in issue by the Referee was fully justified. The weight to be given to the claim for usury was properly within the discretion of the Referee. Based on the circumstances of this case, we find no abuse of that discretion.

Judgment affirmed.